PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1995 Ford van struck a tree limb hanging over the road while he was traveling on Route 31 in Cabell County. Route 31 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on August 4, 2005, a clear day. Route 31 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving between thirty and thirty-five miles per hour when his vehicle struck a branch that was hanging over the road. Mr. Morrison testified that the branch looked like it had broken off a tree and was hanging down over the road. The branch struck claimant’s vehicle damaging the front windshield. The damage sustained totaled $ 162.05.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 31 prior to claimant’s incident. Neal Morrison, a transportation crew supervisor for respondent in Cabell County, testified that there had been a telephone call to respondent on August 4, 2005, regarding a branch over the road on Route 31. Crews for respondent responded shortly after this telephone call at approximately 3:30 p.m. Mr. Morrison stated that crews are normally sent out to remove trees and branches as soon as possible after receiving notice of it in the road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The Court, having reviewed the record in this claim, has determined that respondent was not negligent in its maintenance of Route 31 on the date of claimant’s incident. Respondent received notice of a branch in the road and responded in a timely manner. Therefore, the Court cannot find liability on the part of respondent in this claim and the claimant may not make a recovery for his loss.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.